# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Patrick Sonmene,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GC Services Limited Partnership, and Resurgent Capital Services, LP,<br><br>　　　　Defendants. | Civil File No.: _____<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Patrick Sonmene ("Sonmene" or "Plaintiff") is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant GC Services Limited Partnership ("GC" or "Defendant"), upon information and belief, is a foreign limited partnership that operates as a debt

collection agency from an address of 6330 Gulfton, Houston, Texas 77081.  GC is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Resurgent Capital Services, LP ("RCS" or "Defendant"), upon information and belief, is a foreign limited partnership that operates as a debt collection agency from an address of 15 South Main Street, #400, Greenville, South Carolina 29601-2767.  RCS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. RCS is the employer, master, principal and/or joint venturer of GC and therefore, RCS is vicariously liable for the acts and omissions of GC.

## FACTUAL ALLEGATIONS

8. Plaintiff allegedly incurred a financial obligation with an HSBC, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

9. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

10. Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff sometime before October 2011.

11. On or about October 7, 2011 and continuing through October 17, 2011, GC communicated with Plaintiff by leaving scripted telephonic messages in an attempt to collect this debt.  Each of these scripted telephonic messages was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

12. In these scripted telephonic messages, GC violated 15 U.S.C. §§ 1692d and 1692d(6) of the FDCPA because GC did not "meaningfully disclose" its identity and that GC is a debt collector calling to collect a debt.  GC also violated 15 U.S.C. §§ 1692e, and 1692e(11) of the FDCPA because GC failed to sufficiently disclose to Plaintiff that it was a debt collector and that the communication was from a debt collector.

13. Specifically, for example, GC left the following scripted telephonic message for Plaintiff on or about October 7, 2011:  "Patrick Sonmeme.  This is Mrs. Johnson.  I need you to contact my office. It's toll free 1-800-846-6406, extensions 5784.  If you would please take the time to return my phone call.  1-800-846-6406, extension 5784.  Good day." End of message.

14. On or about October 17, 2011, GC left the following scripted telephonic message for Plaintiff:  "Patrick Sonmeme.  This is Mrs. Johnson.  I've left you numerous messages sir in reference to your unresolved business matter here pending in my office.  It's very important that I speak with you for resolution.  My telephone number here is 1-800-846-6406.  I am at extension 5784.  Again, 1-800-846-6406, extension 5784.  Please do not delay in returning my phone call.  Good day." End of message.

15. Based upon information and belief, GC has left multiple messages in addition to the aforementioned telephonic messages in violation of 15 U.S.C. §§ 1692d, 1692d(6), 1692e, and 1692e(11).

16. GC's aforementioned telephonic messages violated 15 U.S.C. § 1692e(10) because GC employed false and deceptive means in an attempt to collect a debt and in connection with the collection of a debt.

17. Defendant's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by GC.

18. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of GC's acts and omissions.

### TRIAL BY JURY

19. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

### CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

20. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

21. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq*.

22. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and

embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

23. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

24. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

## COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and
- For such other and further relief as may be just and proper.

Dated:  November 7, 2011.                **MARSO AND MICHELSON, P.A.**


By:   s/Patrick L. Hayes
      Patrick L. Hayes (0389869)
      William C. Michelson (129823)

Attorneys for Plaintiff
3101 Irving Avenue South
Minneapolis, Minnesota 55408
Telephone: 612-821-4817
phayes@marsomichelson.com